APPEAL NO. 23-10807-A

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

## FURQUAN R. STAFFORD

Plaintiff-Appellant

v.

## KEDRION S.p.A, KEDRION BIOPHARMA, INC., GRIFOLS INTERNATIONAL, S.A., GRIFOLS SHARED SERVICES NORTH AMERICA, INC., CSL PLASMA INC., CSL BEHRING, and CSL LIMITED

Defendants-Appellees

_____

Appeal from the United States District Court
For the Northern District of Georgia, Atlanta Division
Docket No. 1:22-CV-00573-VMC

_____

## BRIEF OF APPELLEES KEDRION BIOPHARMA, INC., GRIFOLS SHARED SERVICES NORTH AMERICA, INC., and CSL PLASMA INC.

_____

Robert R. Ambler, Jr.
Brendan H. White
WOMBLE BOND DICKINSON (US) LLP
271 17th Street NW, Suite 2400
Atlanta, GA 30363
Telephone: 404-872-7000

*Counsel for Defendant-Appellee Grifols Shared Services North America, Inc.*

*Additional Counsel Listed on Following Page*

Stephen D. Councill
Rebecca L. Kolb
COUNCILL, GUNNEMANN & CHALLY, LLC
One Atlantic Center
1201 W. Peachtree Street, NW, Suite 2613
Atlanta, GA 30309
Telephone: 404-407-5250

**Counsel for Defendant-Appellee Kedrion BioPharma, Inc.**


Richard W. Miller
BALLARD SPAHR LLP
999 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: 678-420-9300

Jason A. Leckerman
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215-864-8266

**Counsel for Defendant-Appellee CSL Plasma Inc.**

Appeal No. 23-10807-A

*Furquan R. Stafford v. Kedrion S.p.A., et al*

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-2, Appellees Kedrion Biopharma, Inc., Grifols Shared Services North America, Inc., and CSL Plasma Inc. (collectively, the "Domestic Corporations") submit this Certificate of Interested Persons and Corporate Disclosure Statement, stating that the following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this particular case and appeal[1]:

Ambler, Robert R., Jr., attorney for Appellees Grifols International, S.A. and Grifols Shared Services North America, Inc.;

Ballard Spahr LLP, attorneys for Appellees CSL Behring L.L.C., CSL Limited, and CSL Plasma Inc.;

Calvert, Victoria Marie, trial judge;

Councill Gunnemann & Chally, LLC, attorneys for Appellees Kedrion Biopharma, Inc. and Kedrion S.p.A;

---

[1] In his Certificate of Interested Persons, Mr. Stafford incorrectly identifies a number of individuals as "Defendants/Appellees." Mr. Stafford did not name any of these individuals as defendants in the underlying action; thus, they are not properly identified as "Defendants/Appellees" in this matter.

Councill, Stephen D., attorney for Appellees Kedrion Biopharma, Inc. and Kedrion S.p.A.;

CSL Behring L.L.C., Appellee. CSL Behring L.L.C.'s ultimate corporate parent is CSL Limited;

CSL Limited, Appellee. CSL Limited is an Australian company publicly traded on the Australian Stock Exchange. CSL Limited does not have a parent corporation, and there is no publicly held corporation owning 10% or more of its stock;

CSL Plasma Inc., Appellee. CSL Plasma Inc. is a wholly-owned subsidiary of CSL Behring L.L.C.;

Grifols International, S.A., Appellee;

Grifols, S.A. (GRFS), parent company of Appellees Grifols International, S.A. and Grifols Shared Services North America, Inc.;

Grifols Shared Services North America, Inc., Appellee;

Kedrion Biopharma, Inc., Appellee;

Kedrion S.p.A, Appellee, and parent company of Kedrion Biopharma, Inc.;

Kolb, Rebecca L., attorney for Appellees Kedrion Biopharma, Inc. and Kedrion S.p.A.;

Leckerman, Jason A., attorney for Appellees CSL Behring L.L.C., CSL Limited, and CSL Plasma Inc.;

Miller, Richard W., attorney for Appellees CSL Behring L.L.C., CSL Limited, and CSL Plasma Inc.;

Permira VII Investment Platform Ltd., the nonpublic, parent company of Kedrion S.p.A. through its majority ownership. No publicly-traded company owns more than 10% of Kedrion S.p.A. or its parents, and other minority owners of Kedrion S.p.A. are nonpublic entities organized outside the United States or own less than 1%;

Stafford, Furqan R., Appellant;

White, Brendan H., attorney for Appellees Grifols International, S.A. and Grifols Shared Services North America, Inc.; and

Womble Bond Dickinson (US) LLP, attorneys for Appellees Grifols International, S.A. and Grifols Shared Services North America, Inc.

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

The Domestic Corporations do not request oral argument because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would likely not be significantly aided by oral argument. Nevertheless, the Domestic Corporations are ready and willing to participate in oral argument if this Court deems oral argument necessary.

## **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT ..................................................................C1

STATEMENT REGARDING ORAL ARGUMENT ...................................i

TABLE OF CONTENTS ......................................................................... ii

TABLE OF CITATIONS......................................................................... iii

STATEMENT OF JURISDICTION..........................................................1

STATEMENT OF THE ISSUES................................................................2

STATEMENT OF THE CASE ...................................................................3

    I.      Background Facts and Prior Litigation .........................................3

    II.     Procedural History ........................................................................7

    III.   Standard of Review .....................................................................11

SUMMARY OF THE ARGUMENT.......................................................11

ARGUMENT AND CITATIONS OF AUTHORITY .............................14

    I.      The District Court properly granted the Domestic Corporations' Joint
Motion to Dismiss pursuant to the res judicata doctrine...........14

    II.     The District Court properly denied the Motion for Leave on the grounds
that amendment would be futile and cause undue delay...........17

CONCLUSION .......................................................................................24

CERTIFICATE OF COMPLIANCE .......................................................26

CERTIFICATE OF SERVICE.................................................................27

## <u>TABLE OF CITATIONS</u>

<u>Page(s)</u>

## <u>CASES</u>

*Aning v. Fed. Nat'l Mortg. Ass'n,*
    754 F. App'x 816, 818 (11th Cir. 2018) ......................................................19

*Birdette v. Saxon,*
    502 F. App'x 839, 840 (11th Cir. 2012) .................................................18, 21

*Bryant v. Avado Brands, Inc.,*
    187 F.3d 1271, 1280 (11th Cir. 1999) ..........................................................4

*Chaparro v. Carnival Corp.,*
    693 F.3d 1333, 1335 (11th Cir. 2012) ..........................................................11

*Christman v. Walsh,*
    416 F. App'x 841, 844 (11th Cir. 2011) ......................................................18

*\*Clay v. United States,*
    537 U.S. 522, 527 (2003) ..............................................................................16

*Cobble v. G.D.C. Statewide All Personnel,*
    No. CV621-023, 2021 WL 2405607, at \*4 n.2 (S.D. Ga. Apr. 9, 2021),
    *report and recommendation adopted at* 2021 WL 2406872 (S.D. Ga. June
    11, 2021) ........................................................................................................23

*\*Cockrell v. Sparks,*
    510 F.3d 1307, 1310 (11th Cir. 2007) ..........................................................18

*Corsello v. Lincare, Inc.,*
    428 F.3d 1008, 1014 (11th Cir. 2005) ....................................................21, 23

*CSX Transp., Inc. v. Bhd. of Maint. Of Way Emps.,*
    327 F.3d 1309, 1316 (11th Cir. 2003) ..........................................................14

*\*Douse v. Eleventh Circuit Court of Appeals Clerk of Courts,*
    760 F. App'x 880, 884-85 (11th Cir. 2019) ..................................................16

iii

*Federated Dep't Stores, Inc. v. Moitie,
    452 U.S. 394, 399 n.3 (1981) .......................................................16

Foman v. Davis,
    371 U.S. 178, 182 (1962) ..........................................................17

Hall v. United Ins. Co. of Am.,
    367 F.3d 1255, 1263 (11th Cir. 2004) .........................................19

Lobo v. Celebrity Cruises, Inc.,
    704 F.3d 882, 893 (11th Cir. 2013) .............................................17

Marshall v. Aryan Unlimited Staffing Solution,
    599 F. App'x 896, 899 (11th Cir. 2015) ......................................23

Marrache v. Bacardi U.S.A., Inc.,
    17 F.4th 1084, 1092 (11th Cir. 2021) ..........................................11

Moore v. Pak,
    402 F. App'x 491, 494 (11th Cir. 2010) ......................................17

Newbauer v. Carnival Corp.,
    26 F.4th 931, 934 (11th Cir. 2022) ..............................................11

Outlaw v. Plantation Pipe Line Co.,
    No. 21-11787, 2022 WL 2904084, at *6 (11th Cir. July 22, 2022) .............10

*Ragsdale v. Rubbermaid, Inc.,
    193 F.3d 1235, 1238 (11th Cir. 1999) .........................................14

Robinson v. Sacramento Hotel Partners,
    No. 1:18-CV-03628-ELR, 2019 WL 2084538, at *5 (N.D. Ga. Jan. 10,
    2019) ..........................................................................19

Samuel v. Bank of Am.,
    No. 1:14-CV-00002-TCB-LTW, 2014 WL 12621239, at *5 (N.D. Ga. July
    22, 2014), report and recommendation adopted at 2014 WL 12625094
    (N.D. Ga. Aug. 11, 2014) .......................................................21

*Sapuppo v. Allstate Floridian Ins. Co.*,
　　739 F.3d 678, 680 (11th Cir. 2014) .............................................................19

*\*Sheba Ethiopian Rest., Inc. v. DeKalb Cty., Ga.*,
　　820 F. App'x 889, 899 (11th Cir. 2020) ................................................18, 22

*Specialty Surfaces Int'l, Inc. v. Athletic Surfaces Plus, LLC*,
　　No. 1:12-CV-1901-CAP, 2013 WL 12101062, at *3 (N.D. Ga. June 26,
　　2013) ............................................................................................................20

*\*Wedemeyer v. Pneudraulics, Inc.*,
　　510 F. App.'x 875, 878 (11th Cir. 2013) ....................................................17

*Weinacker v. Baer*,
　　696 F. App'x 937, 941 (11th Cir. 2017) ....................................................18

\* Chief authorities are designated by asterisk.

## STATUTES

15 U.S.C. § 1 ...............................................................................................4

28 U.S.C. § 1291 .........................................................................................1

28 U.S.C. § 1331 .........................................................................................1

28 U.S.C. § 1915(e)(2) ...............................................................................5

42 U.S.C. § 1981.................................................... 1, 2, 8, 9, 10, 14, 15, 17, 19, 20

## RULES

Fed. R. Civ. P. 15(a)(2)................................................................................17

## STATEMENT OF JURISDICTION

Appellant Furquan R. Stafford ("Mr. Stafford") initiated this action in the United States District Court for the Northern District of Georgia, Atlanta Division, (the "District Court") alleging that the rejection of his plasma collection contract offers by the Appellees Kedrion Biopharma, Inc., Grifols Shared Services North America, Inc., and CSL Plasma Inc. (collectively, the "Domestic Corporations"), CSL Behring L.L.C. ("Additional CSL Defendant") and their international corporate affiliates Grifols International, S.A., CSL Limited, and Kedrion S.p.A. (collectively, the "International Corporations") violated 42 U.S.C. § 1981. The District Court therefore maintained federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

The District Court entered an order on February 14, 2023 (the "District Court Order") dismissing the Domestic Corporations with prejudice pursuant to Rule 12(b)(6) and the International Corporations and Additional CSL Defendant without prejudice for lack of personal jurisdiction. Judgment dismissing the Domestic Corporations from this action with prejudice and the International Corporations and the Additional CSL Defendant without prejudice was entered on February 15, 2023. Mr. Stafford filed a Notice of Appeal of the District Court Order on March 13, 2023. This Court has jurisdiction of Mr. Stafford's appeal of the District Court Order pursuant to 28 U.S.C. § 1291.

## <u>STATEMENT OF THE ISSUES</u>

I.     Whether the District Court properly granted the Domestic Corporations' Joint Motion to Dismiss on the grounds that the 42 U.S.C. § 1981 claim asserted against them in Mr. Stafford's Amended Complaint is barred by the res judicata doctrine.

II.    Whether the District Court properly denied Mr. Stafford's Motion for Leave to File Second Amended Complaint on the grounds that allowing Mr. Stafford to file a Second Amended Complaint would be futile and unduly delay proceedings.

## STATEMENT OF THE CASE

### I.    Background Facts and Prior Litigation

Mr. Stafford describes himself as a "blood plasma medical researcher entrepreneur" who, through his company C.P. Plasma Center, Inc., seeks entry into the "blood plasma collection" industry. (Doc. No. 5, p. 10).[2] Mr. Stafford maintains that he can only join this industry by entering into a plasma collection agreement with the Domestic Corporations or their corporate affiliates, all of which are producers, suppliers, and/or manufacturers of plasma-derived therapeutic products. (Doc. No. 5, pp. 2-4, 11-12). Mr. Stafford alleges that the Domestic Corporations and their corporate affiliates have prevented him from entering into this industry by rejecting his "plasma collection agreement" or "plasma contract" offers between 2009 and 2012. (Doc. No. 5, pp. 4, 6-7, 14).

The matter under appeal is Mr. Stafford's fifth filing of essentially the same case and the fifth dismissal of his claims. (Doc. No. 18-1, pp. 5-9). On August 1, 2016, Mr. Stafford, proceeding *pro se*, filed a complaint on behalf of his company C.P. Plasma Center, Inc. (the "First Prior Action") against the Domestic Corporations' international corporate affiliates and other associated companies.

---

[2] This citation is to Mr. Stafford's Amended Complaint which is included in the Domestic Corporations' Supplemental Appendix. For ease of reference, all citations to documents within the Domestic Corporations' Supplemental Appendix refer to the Docket Entry number and page number maintained in the District Court record in accordance with Eleventh Circuit Rule 28-5.

(Doc. No. 18-2, pp. 2-5).[3] Mr. Stafford alleged in the First Prior Action that the named defendants had violated Sections 1 and 2 of the Sherman Antitrust Act (the "Sherman Act"), 15 U.S.C. § 1 *et seq.*, by "conspir[ing] and combin[ing] to boycott [Mr. Stafford] from entering into the industry by refusing plasma collection agreement because of his race as an African-American." (Doc. No. 18-2, p. 6). The First Prior Action was dismissed on October 19, 2016 on the grounds that Mr. Stafford could not represent C.P. Plasma Center, Inc. *pro se* and "failed to designate counsel as directed by the Court." (Doc. No. 18-3, p. 3).

On October 26, 2016, just one week after dismissal of the First Prior Action, Mr. Stafford initiated another *pro se* action, this time on his own behalf, against the Domestic Corporations' international corporate affiliates and other associated companies (the "Second Prior Action"), alleging the named defendants refused his "plasma contract" offers as part "of a group boycott and/or refusal to deal for monopolistic ends." (Doc. No. 18-4, p. 22). Mr. Stafford again alleged in the Second Prior Action that this purported boycott against him was "because of his race as an African-American" in order to "eliminat[e] competition" in the

---

[3] The District Court properly considered the exhibits attached to the Domestic Corporation's Motion to Dismiss, without converting the Motion into a Motion for Summary Judgment, because they are matters of public record. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999) (confirming that "[s]everal courts . . . have expressly reviewed matters of public record in ruling on motions to dismiss and have expressly relied on the information contained in those records as a basis for their rulings.").

"African-American plasma donations demographic markets" in violation of Sections 1 and 2 of the Sherman Act. (Doc. No. 18-4, pp. 7, 22-23).

After Mr. Stafford was allowed to proceed *in forma pauperis*, the Second Prior Action was submitted to the District Court for frivolity review. (Doc. No. 18-5, p. 2). Pursuant to this review, the District Court entered an order on April 24, 2017 (the "Frivolity Order") which dismissed the Second Prior Action as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). (Doc. No. 18-5, pp. 8-15). The District Court reached this determination on the grounds that the Second Prior Action's Complaint "has not pled sufficient facts to state a claim under either Section 1 or Section 2 of the Sherman Antitrust Act" and therefore "lacks an arguable basis either in law or in fact." (Doc. No. 18-5, p. 16). Despite its determination that the action was frivolous, the Frivolity Order ultimately dismissed the Second Prior Action without prejudice. (Doc. No. 18-5, p. 16).

Mr. Stafford subsequently filed a third *pro se* action against the Domestic Corporations' international corporate affiliates and other associated companies on January 23, 2018, No. 1:18-CV-00321-SCJ (the "Third Prior Action"). (Doc. No. 18-6, pp. 2, 11-12). In the Third Prior Action, Mr. Stafford again alleged that the named defendants had violated Sections 1 and 2 of the Sherman Act because they "conspired and combined to boycott [Mr. Stafford] and his company from entering

into the U.S. plasma collection industry by refusing plasma collection agreements because of his race." (Doc. No. 18-6, p. 8). The District Court ultimately dismissed the Third Prior Action through orders dated February 25, 2019 and January 15, 2020 for lack of personal jurisdiction over the international companies, and lack of personal jurisdiction and insufficient service of process over the domestic company, named as defendants. (Doc. No. 18-7, pp. 25, 46).

On December 8, 2020, Mr. Stafford initiated a fourth *pro se* action in the District Court against both the Domestic Corporations and their international corporate affiliates, No. 1:20-CV-04970-SCJ (the "Fourth Prior Action"). (Doc. No. 18-8, p. 2). Just as he did in his previous actions, Mr. Stafford alleged in the Fourth Prior Action that the Domestic Corporations and their international corporate affiliates had violated Sections 1 and 2 of the Sherman Act by refusing his offers to enter into a "plasma contract" as part "of a group boycott and refusal to deal for monopolistic ends" due to his race. (Doc. No. 18-8, pp. 24, 40).

In response, the Domestic Corporations filed a joint motion to dismiss the Fourth Prior Action pursuant to Rule 12(b)(6), relying in substantial part on the Frivolity Order. (Doc. No. 18-9, pp. 8-12). The District Court granted this Motion and dismissed the Domestic Corporations from the Fourth Prior Action on the merits and with prejudice pursuant to Rule 12(b)(6) by order dated July 22, 2021 (the "Fourth Prior Action's Dismissal Order"). (Doc. No. 18-10, p. 11). The Fourth

Prior Action's Dismissal Order specifically adopted "the analysis and conclusions" of the "accurate and well-reasoned" Frivolity Order because there were "no significant factual differences between the allegations" within the operative pleadings of the Second Prior Action and the Fourth Prior Action. (Doc. No. 18-10, p. 10). In addition, the Fourth Prior Action's Dismissal Order noted that the District Court "declines to grant leave to amend, as such would be futile" because the Fourth Prior Action effectively constituted "[Mr. Stafford's] second lawsuit filed in the NDGA concerning essentially the exact same subject matter/causes of action." (Doc. No. 18-10, p. 11). The Clerk of Court entered judgment on January 31, 2022, which confirmed the dismissal of the Domestic Corporations with prejudice from the Fourth Prior Action pursuant to "the Court's Order of July 22, 2021." (Doc. No. 18-11, p. 2).

## II.    Procedural History

On February 11, 2022, Mr. Stafford initiated his fifth action against the Domestic Corporations and the International Corporations. (Doc. No. 1, p. 1). Mr. Stafford subsequently filed an Amended Complaint in this action pursuant to Rule 15(a) on February 15, 2022. (Doc. No. 5, p. 1). Just as in his previous actions, Mr. Stafford asserted in this action's Amended Complaint a claim against the Domestic Corporations based on their refusal to enter into "plasma agreements" with him. (Doc. No. 5, pp. 4, 6-7, 14). While relying on the same factual predicate, however,

7

Mr. Stafford abandoned his antitrust theory and instead asserted in the Amended Complaint that the Domestic Corporations' rejection of his contract offers was "intentional racial discrimination in contracting" in violation of 42 U.S.C. § 1981. (Doc. No. 5, p. 13).

The Domestic Corporations filed a Joint Motion to Dismiss on April 1, 2022, requesting that the District Court dismiss the 42 U.S.C. § 1981 claim asserted against them in Mr. Stafford's Amended Complaint pursuant to Rule 12(b)(6). (Doc No. 18, p. 1). The Domestic Corporations argued in support of this Motion, among other things, that Mr. Stafford's 42 U.S.C. § 1981 claim against them was barred by the res judicata doctrine as a result of the Fourth Prior Action's Dismissal Order. (Doc. No. 18-1, pp. 12-17).

Rather than substantively respond to the Domestic Corporation's Motion, Mr. Stafford filed a Motion for Leave to file Second Amended Complaint on April 4, 2022 (the "Motion for Leave"). (Appendix, p. 11). As set forth in the Motion for Leave, Mr. Stafford sought leave to file a Second Amended Complaint in order "to remove Grifols International, [and] S.A, Grifols Shared Services North America, Inc." as defendants and "add Grifols, S.A., [and] Biomat USA, Inc." as defendants. (Appendix, p. 11).[4] Beyond substituting Grifols, S.A. and Biomat USA, Inc.,

---

[4] Mr. Stafford also claimed in the Motion for Leave that he sought to additionally add "CSL Limited" as a defendant. (Appendix, p. 1). However, the District Court determined that "CSL Limited was already added as a party" pursuant to Mr.

however, Mr. Stafford's Proposed Second Amended Complaint attached to the Motion for Leave (the "Proposed Second Amended Complaint") reasserted the same 42 U.S.C. § 1981 claim without any additional substantive factual allegations in support of this claim. (Appendix, pp. 12-34). Instead, the Proposed Second Amended Complaint simply substituted the names of Grifols, S.A., Biomat USA, Inc., and CSL Limited for other named defendants in allegations set forth in the Amended Complaint. (Doc. No. 5, pp. 6-7; Appendix, pp. 30-31). In addition, Mr. Stafford's Proposed Second Amended Complaint reasserted almost verbatim the factual allegations set forth in the Amended Complaint under the subheadings "**INTRODUCTION**," "**BACKGROUND**," "**FACTUAL ALLEGATIONS**," "**PLAINTIFF SEEKS TO VINDICATE HIS RIGHTS UNDER 42 U.S.C. § 1981**," "**FACTS**," and "**FIRST CAUSE OF ACTION: VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1981)**." (Doc. No. 5, pp. 2-10, 13-14; Appendix, pp. 12-17, 28-33).

The District Court Order granted the Domestic Corporation's Motion to Dismiss on the grounds that Mr. Stafford's 42 U.S.C. § 1981 claim against them was "barred by res judicata." (Appendix, p. 145). The District Court based this decision on its determination that Mr. Stafford's 42 U.S.C. § 1981 claim in this

---

Stafford's Amended Complaint. (Appendix, p. 148). It was not until his proposed Second Amended Complaint, however, that Mr. Stafford included any allegations against "CSL Limited." (Appendix, pp. 23, 24, 31).

9

action and his Sherman Act claims in the Fourth Prior Action arose from "the same nucleus of operative fact"—specifically that the Domestic Corporations purportedly "failed to do business" with Mr. Stafford. (Appendix, p. 145). Moreover, the District Court concluded that the res judicata doctrine barred Mr. Stafford's 42 U.S.C. § 1981 claim because his Sherman Act claims were "dismissed with prejudice" pursuant to the Fourth Prior Action's Dismissal Order. (Appendix, p. 145). The District Court Order also dismissed the International Corporations without prejudice for lack of personal jurisdiction. (Appendix, pp. 145-146).[5]

The District Court Order additionally denied the Motion for Leave. (Appendix, p. 151). In doing so, the District Court determined that docketing the Proposed Second Amended Complaint as this action's operative pleading would be futile with respect to the Domestic Corporations because it failed to "add any allegations which would change the Court's rulings as to res judicata." (Appendix, p. 148). With respect to the Motion for Leave's request to add Grifols, S.A. and Biomat USA, Inc., the District Court concluded that "an amendment to add new

---

[5] Mr. Stafford does not challenge the International Corporations' dismissal from this action for lack of personal jurisdiction. As a result, the International Corporations do not join this appellee brief or otherwise respond to Mr. Stafford's appeal as Mr. Stafford has abandoned any challenge of their dismissal. *See Outlaw v. Plantation Pipe Line Co.*, No. 21-11787, 2022 WL 2904084, at *6 (11th Cir. July 22, 2022) (affirming District Court's dismissal of defendant for lack of proper service because plaintiffs "failed to mention—let alone challenge" this dismissal and "thus abandoned any challenge to that aspect of the district court's ruling.").

parties, after the Court has already dismissed all claims against all other parties, would unduly delay the proceedings." (Appendix, p. 148). The District Court Order further clarified that "considering that this is [Mr. Stafford's] fifth unsuccessful attempt to sue these parties or their affiliates, the Court finds this scenario analogous to repeated failure to cure deficiencies by prior amendment, which is cause to deny leave to amend." (Appendix, p. 149).

### III.    Standard of Review

This Court reviews "*de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022) (quoting *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012)).

Conversely, as a general rule, "a district court's decision to deny a motion to amend a complaint is reviewed for an abuse of discretion." *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1092 (11th Cir. 2021). However, this Court "will review *de novo* an order denying leave to amend on the grounds of futility, because it is a conclusion of law that an amended complaint would necessarily fail." *Id.*

### <u>SUMMARY OF THE ARGUMENT</u>

This action is the fifth iteration of a lawsuit that Mr. Stafford continues to file and that the District Court continues to dismiss. The District Court correctly

determined that the res judicata doctrine barred Mr. Stafford's claims against the Domestic Corporations, and that leave to amend would be futile and otherwise unduly delay proceedings. Mr. Stafford nevertheless seeks to overturn the District Court's decisions to grant the Domestic Corporation's Joint Motion to Dismiss and deny the Motion for Leave through two separate purported points of error. Both points of error lack merit because they are contradicted by the District Court Order, negated by binding precedent, and are otherwise contrary to well-established principles designed to guard against meritless and abusive litigation. Through his appeal, Mr. Stafford attempts to delay final judgment yet again without any basis in his efforts to pursue frivolous claims against the Domestic Corporations and their corporate affiliates.

In his first point of error, Mr. Stafford argues the decision to grant the Domestic Corporations' Joint Motion to Dismiss pursuant to the res judicata doctrine was improper because no final judgment on the merits was previously made by the District Court. (Appellant Brief, pp. 20-23 of 32). The entirety of this argument is based on the incorrect assertion that the District Court applied the res judicata doctrine pursuant to the "non-merits ruling" in the *Third* Prior Action rather than the *Fourth* Prior Action's Dismissal Order. Correcting this clear misreading of the District Court Order entirely negates this purported point of error. Moreover, the District Court properly concluded that the Fourth Prior

12

Action's Dismissal Order constituted a final decision on the merits that provided a proper basis to apply the res judicata doctrine.

In his second point of error—while not a model of clarity—Mr. Stafford appears to argue the District Court improperly denied the Motion for Leave because amendments under Rule 15 "**should be freely allowed**" and that special consideration for leave to amend should be given due to his *pro se* status. (Appellant Brief, pp. 24-29 of 32). In making these generalized arguments, however, Mr. Stafford fails to challenge the District Court's determinations that docketing the Proposed Second Amended Complaint would be futile and would unduly delay proceedings based on his prior filings in the four previous actions against the Domestic Corporations and/or their corporate affiliates. As a result of this failure, Mr. Stafford has abandoned his opportunity to challenge these grounds. In addition, the District Court correctly determined the Motion for Leave would be futile with respect to the Domestic Corporations because the Proposed Second Amended Complaint does not contain any allegations that would prohibit the application of the res judicata doctrine. Similarly, the District Court properly found that allowing Mr. Stafford to reassert the same frivolous allegations previously dismissed against Grifols, S.A. and Biomat USA, Inc. would unduly delay the final resolution of this action. Mr. Stafford's *pro se* status does not negate the validity of these decisions, as his previous litigation history establishes that any

13

additional amendment would constitute an abuse of the litigation process.

## ARGUMENT AND CITATIONS OF AUTHORITY

**I.    The District Court properly granted the Domestic Corporations' Joint Motion to Dismiss pursuant to the res judicata doctrine.**

The res judicata doctrine "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). A claim is therefore barred by prior litigation under the federal principles of res judicata[6] when the following four elements are met: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale*, 193 F.3d at 1238. As explained in detail in the Domestic Corporations' Joint Motion to Dismiss (Doc. No. 18-1, pp. 12-17) and the District Court Order (Appendix, pp. 141-145) all four elements are satisfied with respect to Mr. Stafford's 42 U.S.C. § 1981 claim against the Domestic Corporations.

Through his appeal, Mr. Stafford only challenges the District Court's determination that the first element of res judicata was satisfied, specifically that a final judgment dismissing his Sherman Act claims was made "on the merits."

---

[6] Because the Fourth Prior Action adjudicated claims under the Sherman Act, the federal doctrine of res judicata applies. *See CSX Transp., Inc. v. Bhd. of Maint. Of Way Emps.*, 327 F.3d 1309, 1316 (11th Cir. 2003) ("Given that the matter before us is a federal question previously decided by a federal court, it naturally follows that federal preclusion principles apply in this case.").

(Appellant Brief, p. 21 of 32). The entirety of this challenge is based on Mr. Stafford's assertion that the District Court improperly applied the res judicata doctrine pursuant to the dismissal orders entered in "1:18-cv-00321-SCJ"—*i.e.*, the Third Prior Action—because "[a] dismissal for want of personal jurisdiction is not a judgment 'on the merits' for the purpose of res judicata." (Appellant Brief, p. 20 of 32). This argument is without merit because the District Court Order did not apply the res judicata doctrine pursuant to the dismissal of the Third Prior Action.

As explicitly set forth in the District Court Order, the res judicata doctrine was applied to Mr. Stafford's 42 U.S.C. § 1981 claim against the Domestic Corporations because "the Judgment entered by Judge Jones was a valid, final judgment on the merits involving the same parties." (Appendix, p. 142). The District Court Order further defines this referenced "Judgment" as the final Judgment entered by the Clerk of Court on "January 31, 2022" at "Doc. 18-11." (Appendix, p. 139). This final Judgment from the Clerk of Court expressly provides that the Domestic Corporations were "**dismissed with prejudice**" from the Fourth Prior Action pursuant to "the Court's Order of July 22, 2021 granting [Domestic Corporations'] Motion to Dismiss." (Doc. No. 18-11, p. 2). Thus, contrary to Mr. Stafford's assertion, the District Court applied the res judicata doctrine pursuant to the Fourth Prior Action's Dismissal Order dismissal of the Domestic Corporations pursuant to Rule 12(b)(6)—not the personal jurisdiction

15

dismissal of the Domestic Corporations' international affiliates in the Third Prior Action. Mr. Stafford's first point of error is therefore based entirely on a clear, obvious misreading of the District Court Order. On this basis alone, Mr. Stafford fails to establish the res judicata doctrine was wrongly applied by the District Court.

In addition, the District Court properly relied on the Fourth Prior Action's Dismissal Order in its application of the res judicata doctrine. For purposes of res judicata analysis, "[t]he dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *Douse v. Eleventh Circuit Court of Appeals Clerk of Courts*, 760 F. App'x 880, 884-85 (11th Cir. 2019) ("First, there was a final judgment on the merits in Douse's two prior civil actions because the district court dismissed both of his complaints for failure to state a claim for relief pursuant to Rule 12(b)(6)."). The Fourth Prior Action's Dismissal Order expressly granted the Domestic Corporations' Joint Motion to Dismiss in the Fourth Prior Action pursuant to Rule 12(b)(6), thereby dismissing the Domestic Corporations from the Fourth Prior Action "**WITH PREJUDICE**." (Doc. No. 18-10, p. 11). The Clerk of Court's entry of Judgment in the Fourth Prior Action on January 31, 2022, finalized this decision. (Doc. No. 18-11, p. 2); *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Typically, a federal judgment becomes final for appellate

review and claim preclusion purposes when the district court disassociates itself from the case, leaving nothing to be done at the court of first instance save execution of the judgment."). Accordingly, the District Court correctly determined the first element of res judicata was satisfied because a final judgment on the merits was entered in the Fourth Prior Action.[7]

## II. The District Court properly denied the Motion for Leave on the grounds that amendment would be futile and cause undue delay.

The Federal Rules of Civil Procedure provide that leave to amend a complaint should be given only "when justice so requires." Fed. R. Civ. P. 15(a)(2). Based on this standard, the Court can "properly deny leave to amend [a] complaint under Rule 15(a) when such amendment would be futile." *Wedemeyer v. Pneudraulics, Inc.*, 510 F. App'x 875, 878 (11th Cir. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Leave to amend a complaint is considered futile

---

[7] In addition, the District Court correctly determined that the Fourth Prior Action and this case involve the same cause of action for purposes of res judicata analysis. As this Court has expressly stated, "[r]es judicata applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." *Moore v. Pak*, 402 F. App'x 491, 494 (11th Cir. 2010). The 42 U.S.C. § 1981 claim at issue in this action and the Fourth Prior Action's Sherman Act claims clearly arise from the same nucleus of operative fact because, as noted by the District Court, they are both entirely based on allegations the Domestic Corporations "illegally failed to do business with [Mr. Stafford]." (Appendix, p. 145). Accordingly, as they concern the same underlying factual allegations, this action and the Fourth Prior Action present the same cause of action for purposes of res judicata analysis as a matter of law. *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013) ("The test for a common nucleus of operative fact is whether the same facts are involved in both cases.").

17

"when the complaint as amended would still be properly dismissed." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007); *see also Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) (holding leave to amend a complaint is futile when "the amended complaint would not survive a motion to dismiss."). In addition to futility, a district court may also deny leave to amend where there has been "undue delay" in litigation due to "repeated failure to cure deficiencies by amendments previously allowed." *Sheba Ethiopian Rest., Inc. v. DeKalb Cty., Ga.*, 820 F. App'x 889, 899 (11th Cir. 2020).

The District Court denied the Motion for Leave on two grounds. First, the District Court held that the Proposed Second Amended Complaint "would be futile" with respect to the Domestic Corporations and CSL Limited. Second, the District Court held that the Proposed Second Amended Complaint's attempt to add Grifols, S.A. and Biomat USA, Inc. "would unduly delay the proceedings" because Mr. Stafford's four previous actions are "analogous to repeated failure to cure deficiencies by prior amendment." (Appendix, pp. 148-149). Yet Mr. Stafford does not challenge either of these two grounds and has therefore abandoned any such argument. *See Weinacker v. Baer*, 696 F. App'x 937, 941 (11th Cir. 2017) ("To the extent [appellant] has failed to challenge on appeal the district court's grounds for dismissal, she has abandoned those claims."); *Birdette v. Saxon*, 502 F. App'x 839, 840 (11th Cir. 2012) ("[I]ssues not briefed on appeal by a *pro se* litigant are

deemed abandoned."). This abandonment dictates denial of Mr. Stafford's appeal of the denial of the Motion for Leave. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

Beyond Mr. Stafford's failure to address the articulated grounds set forth in the District Court Order, the District Court's decision to deny the Motion for Leave must be upheld for an additional rudimentary reason—both articulated grounds for this decision were legally correct. With respect to the District Court's articulated futility grounds, it is well understood that "if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied." *Robinson v. Sacramento Hotel Partners*, No. 1:18-CV-03628-ELR, 2019 WL 2084538, at *5 (N.D. Ga. Jan. 10, 2019) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)). For the reasons explained *supra* and in the District Court Order, Mr. Stafford's 42 U.S.C. § 1981 claim against the Domestic Corporations is subject to dismissal under Rule 12(b)(6) pursuant to the res judicata doctrine. *See Aning v. Fed. Nat'l Mortg. Ass'n*, 754 F. App'x 816, 818 (11th Cir. 2018) ("Res judicata may be raised in a Rule 12(b)(6) motion when the

19

existence of the defense can be gleaned from the face of the complaint.").[8] The Proposed Second Amended Complaint, while substituting Grifols, S.A. and Biomat USA, Inc., merely reasserts Mr. Stafford's 42 U.S.C. § 1981 claim supported by the same allegations set forth in the Amended Complaint. (Doc. No. 5, pp. 2-10, 13-14; Appendix, pp. 12-17, 28-33). This limited scope means, as correctly noted in the District Court Order, that the "proposed second amended complaint does not add any allegation which would change the Court's rulings as to res judicata." (Appendix, p. 148). The District Court therefore correctly held that Mr. Stafford's request for leave to amend was "futile" with respect to the Domestic Corporations.[9]

---

[8] Moreover, if a proposed amended complaint still fails to establish personal jurisdiction over a defendant, a motion to amend is properly denied on the grounds that amendment would be futile. *See Specialty Surfaces Int'l, Inc. v. Athletic Surfaces Plus, LLC*, No. 1:12-CV-1901-CAP, 2013 WL 12101062, at *3 (N.D. Ga. June 26, 2013) ("Because the proposed second amended complaint still fails to establish personal jurisdiction over ASP, the court concludes that amendment would be futile. Thus, the court denies SSI's motion for leave to amend the complaint."). The District Court held that Mr. Stafford's attempt to add CSL Limited through the Proposed Second Amended Complaint was futile because (1) CSL Limited was already added as a party and (2) the District Court lacked personal jurisdiction over CSL Limited. (Appendix, p. 148). Thus, denial of the Motion for Leave was additionally proper on the grounds that the District Court would still lack personal jurisdiction over CSL Limited.

[9] The Proposed Second Amended Complaint is also futile with respect to Grifols, S.A. and Biomat USA, Inc. because, for the reasons set forth in the Domestic Corporations' Response in Opposition to the Motion for Leave, the Proposed Second Amended Complaint's 42 U.S.C. § 1981 claim against them would be barred by the res judicata doctrine, time-barred by the applicable limitations

The District Court also correctly determined that providing Mr. Stafford leave to amend to add Grifols, S.A. and Biomat USA, Inc. would "unduly delay the proceedings" due to his four previous lawsuits being "analogous to repeated failure to cure deficiencies by prior amendment." (Appendix, pp. 148-149). This Court has previously confirmed that a district court does not abuse its discretion in denying leave to amend to a party that has filed multiple complaints over the course of extended litigation. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (holding District Court did not abuse its discretion in denying leave to amend because "another amendment would have led to the filing of [plaintiff's] fourth complaint in over five years of litigation."). This rationale has further extended to denying leave to amend to parties that continuously file meritless complaints across multiple lawsuits. *See, e.g., Birdette*, 502 F. App'x at 841 (affirming District Court's decision to dismiss *pro se* complaint without additional leave to amend because plaintiffs previously "filed numerous amended complaints in both state court and the district court" and nevertheless "still failed to cure the deficiencies."); *Samuel v. Bank of Am.*, No. 1:14-CV-00002-TCB-LTW, 2014 WL 12621239, at *5 (N.D. Ga. July 22, 2014), *report and recommendation adopted at* 2014 WL 12625094 (N.D. Ga. Aug. 11, 2014) (dismissing *pro se* complaint without leave to amend because plaintiff "has repeatedly filed frivolous lawsuits . .

period, and subject to dismissal for being deficiently pleaded. (Doc. No. 28, pp. 8-16).

. [and] further amendment would likely be futile and would interfere with the Court's ability to protect its docket from frivolous and abusive litigation.").

This case presents a prime example of what the "repeated failure to cure deficiencies" limitation on Rule 15(a) application is designed to guard against—the undue delay in the resolution of a case clearly subject to dismissal. *See Sheba Ethiopian Rest.*, 820 F. App'x at 899. As described *supra* in detail, this action is now the fifth iteration of a lawsuit Mr. Stafford continues to file based on the same underlying allegation—the Domestic Defendants and/or their corporate affiliates rejected his blood plasma contract offers because of his race. (Doc. No. 18-2, p. 6; Doc. No. 18-4, pp. 7, 22-23; Doc. No. 18-6, p. 8; Doc. No. 18-8; pp. 24, 40). Pursuant to the Frivolity Order and the Fourth Prior Action's Dismissal Order, Mr. Stafford knows, or otherwise should know, that this underlying allegation fails to state a viable claim for relief. Nevertheless, Mr. Stafford has continuously attempted to keep this frivolous litigation alive by simply re-asserting his discrimination allegation across multiple lawsuits against different entities of the same corporate family. (Doc. No. 18-2, pp. 9-11; Doc. No. 18-4, pp. 9-12; Doc. No. 18-6, pp. 11-12; Doc. No. 18-8, pp. 9-11; Doc. No. 5. pp. 11-12). The Motion for Leave, only filed after the Domestic Corporations' Joint Motion to Dismiss, is nothing more than the latest example of this improper delay tactic. Accordingly, Mr. Stafford's effort to again delay ultimate adjudication through the Motion for

Leave was properly denied. *See Corsello*, 428 F.3d at 1014 (holding plaintiff's continued failure to cure previously noted pleading deficiencies "is an explicitly permitted reason for which the district court was entitled to deny his motion to amend.").

Mr. Stafford's *pro se* status does not alter this result. As this Court has previously determined, a district court is not required to permit an amendment to a "*pro se* plaintiff" when "there has been . . . repeated failure to cure deficiencies by amendments previously allowed or amendment would be futile." *Marshall v. Aryan Unlimited Staffing Solution*, 599 F. App'x 896, 899 (11th Cir. 2015). For the reasons explained *supra* and in the District Court Order, both justifications for denying Mr. Stafford leaving to amend are present here. (Appendix, pp. 147-149). Nor does *pro se* status entitle a party to abuse the litigation process by continuously pursuing meritless and duplicative causes of action. *See Cobble v. G.D.C. Statewide All Personnel*, No. CV621-023, 2021 WL 2405607, at *4 n.2 (S.D. Ga. Apr. 9, 2021), *report and recommendation adopted at* 2021 WL 2406872 (S.D. Ga. June 11, 2021) (denying *pro se* party an opportunity to amend because "the Court is also not required to invite amendment to those claims that are transparently frivolous or abusive of the judicial process."). As implicitly acknowledged in the District Court Order, Mr. Stafford's continued litigation against the Domestic Corporations and their corporate affiliates based on the same

frivolous allegations clearly constitutes such abusive litigation. (Appendix, p. 149) ("There is no question that [Mr. Stafford] has taken his litigation campaign against defendants too far at this point."). The District Court was therefore completely justified in denying the Motion for Leave to stop Mr. Stafford's continued abuse of the litigation process.

## <u>CONCLUSION</u>

Based on the arguments and citations of authority in this brief and those submitted in the District Court, and in accord with the applicable standards of review, Appellees Kedrion Biopharma, Inc., Grifols Shared Services North America, Inc., and CSL Plasma Inc. request that this Court affirm the District Court Order.

Respectfully submitted this the 7th day of June, 2023.

**(*signatures on the following page*)**

24

WOMBLE BOND DICKINSON (US) LLP
By: /s/ Robert R. Ambler, Jr.
    Robert R. Ambler, Jr.
    Georgia Bar No. 014462
    Brendan H. White
    Georgia Bar No. 458315

    271 17th Street, N.W.
    Suite 2400
    Atlanta, GA 30363-1017
    Telephone: 404-872-7000
    Facsimile: 404-888-7490
    Bob.Ambler@wbd-us.com
    Brendan.White@wbd-us.com

**Attorneys for Grifols Shared Services North America, Inc.**

BALLARD SPAHR LLP
By: /s/ Richard W. Miller
    Richard W. Miller
    Georgia Bar No. 065257
    999 Peachtree Street, NE
    Suite 1600
    Atlanta, GA 30309
    Telephone: 678-420-9300
    Facsimile: 678-420-9301
    millerrw@ballardspahr.com

    Jason A. Leckerman
    1735 Market Street, 51st Floor
    Philadelphia, PA 19103
    Telephone: 215-864-8266
    Facsimile: 215-864-8999
    leckermanj@ballardspahr.com

**Attorneys for CSL Plasma Inc.**

COUNCILL, GUNNEMANN & CHALLY, LLC
By: /s/ Stephen D. Councill
    Stephen D. Councill
    Georgia Bar No. 190358
    Rebecca L. Kolb
    Georgia Bar No. 456020

    One Atlantic Center
    1201 W. Peachtree Street, NW
    Suite 2613
    Atlanta, GA 30309
    Telephone: 404-407-5250
    Facsimile: 404-600-1624
    SCouncill@cgc-law.com
    RKolb@cgc-law.com

**Attorneys for Kedrion BioPharma, Inc.**

25

<u>**CERTIFICATE OF COMPLIANCE**</u>

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 5,822 words as counted by the word processing program used to prepare this document (Microsoft Word 2010).

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point font, Times New Roman.

This 7th day of June, 2023.

/s/ *Robert R. Ambler, Jr.*
Robert R. Ambler, Jr.
Georgia Bar No. 014462
Brendan H. White
Georgia Bar No. 458315

*Attorneys for Appellee Grifols Shared Services North America, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this day the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically provide notice of this filing to all attorneys of record by electronic means. In addition, one paper copy of this document was sent via U.S. Mail, postage prepaid, upon:

Furquan Stafford
2385 Godby Road
#491468
College Park, Georgia 30349
*Pro Se Party*

The undersigned further certifies that on June 7th, 2023, four (4) copies of the foregoing document were sent for filing with the Clerk of this Court, via Federal Express.

This 7th day of June, 2023.

/s/ *Robert R. Ambler, Jr.*
Robert R. Ambler, Jr.
Georgia Bar No. 014462
Brendan H. White
Georgia Bar No. 458315

Womble Bond Dickinson (US) LLP
271 17th Street N.W., Suite 2400
Atlanta, Georgia 30363-1017
(404) 872-7000 (telephone)
(404) 888-7490 (facsimile)
Bob.Ambler@wbd-us.com
Brendan.White@wbd-us.com